David C. Smith, Attorney
201 Saint Helens Ave
Tacoma, WA 98402
253-272-4777 ph
253-461-8888 fax

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re: <br><br>WILLIAM JOSEPH YOUNG <br><br>        Debtor. | CHAPTER 13 <br><br> NO. 22-40187-MJH <br><br> ADVERSARY NO. 22-04020-MJH |
| WILLIAM JOSEPH YOUNG, surviving husband of KAROLYN R. YOUNG, <br><br>        Plaintiff, <br><br> v. <br><br> U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON; AND FAY SERVICING, LLC <br><br>        Defendants. | AMENDED COMPLAINT |

COMES NOW the Plaintiff, William Joseph Young, by and through their attorney of record, David Smith of the Law Offices of David Smith, and for causes of action, alleges as follows:

## I. JURISDICTION AND VENUE

1.1 <u>Jurisdiction.</u> This Court has jurisdiction over this matter pursuant to 28

*AMENDED COMPLAINT*

Page 1 of 9

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)461-8888

Case 22-04020-MJH   Doc 32   Filed 07/14/23   Ent. 07/14/23 23:10:28   Pg. 1 of 9

U.S.C. §157 and 11 U.S.C. §506. This is a core proceeding pursuant to 28 U.S.C. §157.

1.2  Venue. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

1.3  Statutory Bases of Action. This adversary proceeding is based on 11 U.S.C. §506, Fed.R.Bankr.P. 3012, and Fed.R.Bankr.P. 7001.

## II. PARTIES AND FACTUAL BACKGROUND

2.1  Plaintiff herein is the debtor in the above-captioned Chapter 13 bankruptcy and is a resident of Pierce County, Washington. Plaintiff is the survivor of Karolyn R. Young. There has been no probate.

2.2  The Plaintiff is owner of the Real Property located at 3509 188th St E, Tacoma, WA 98446 Pierce County Washington Parcel No. 0319354066 ("Subject Property").

2.3  The Subject Property is split into two Tax Parcels, Tax Parcel Nos. 0319354105 and 0319354106.

2.4  The Tax Assessor's abbreviated legal description for tax parcel 0319354105 is:

Section 35 Township 19 Range 03 Quarter 41 SEG FOR TAX PURPOSES ONLY **CANNOT BE SOLD OR SUBD WITHOUT 4-106 S 1/2** OF FOLL DESC PROP E 1/2 OF E 1/2 OF W 1/2 OF S 1/2 OF NE OF SE EASE OF REC SEG 2016- 0365 JP 05/05/16 JP
Hereinafter ("Tax Parcel A")

2.5  The Tax Assessor's abbreviated legal description for tax parcel 0319354106 is:

Section 35 Township 19 Range 03 Quarter 41 SEG FOR TAX PURPOSES ONLY **CANNOT BE SOLD OR SUBD WITHOUT 4-105 N 1/2** OF FOLL DESC PROP E 1/2 OF E 1/2 OF W 1/2 OF S 1/2 OF NE OF SE EASE OF REC SEG 2016- 0365 JP 05/05/16 JP
Hereinafter ("Tax Parcel B")

*AMENDED COMPLAINT*

Page 2 of 9

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA  98402
Phone (253)272-4777
Fax (253)461-8888

Case 22-04020-MJH    Doc 32    Filed 07/14/23    Ent. 07/14/23 23:10:28    Pg. 2 of 9

2.6     Defendant U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST ("US BANK"), is the current beneficiary of a certain Deed of Trust recorded under Pierce County Auditor's File No. 200608110372 on August 11, 2006. ("US BANK Deed of Trust").  A true and accurate copy of the US BANK Deed of Trust is attached hereto and incorporated herein as Exhibit A.

2.7     Defendant FAY SERVICING LLC ("FAY") is a Corporation which conducts business in Pierce County, Washington. SPS is the current Mortgage Servicer of the US BANK Deed of Trust.

2.8     Defendant QUALITY LOAN SERVICE CORPORATION OF WASHINGTON ("QLS") is a Corporation which conducts business in Pierce County, Washington. SPS is the current Mortgage Trustee of the Deed of Trust.

2.9     <u>Property.</u>     The property securing the Defendant's claim and subject to the US BANK Deed of Trust is Tax Parcel A and is located at the primary residence of the Plaintiff, 3509 188th St E, Tacoma, WA 98446. The US BANK Deed of Trust uses the full legal description of Tax Parcel A as follows:

> The South half of the East half of the West half of the South Half of the Northeast quarter of the Southeast quarter of Section 35, Township 19 North, Range 3 East of the Willamette Meridian, records of Pierce County Auditor.
>
> TOGETHER WITH non-exclusive easement for power and road purposes over the South 30 feet of the East 410 feet of the Northwest quarter of the Southeast quarter of Section 35, Township 19 North, Range 3 East of the Willamette Meridian, as granted by Instrument Dated April 21, 1962, recorded April 30, 1962, under Recording No. 196433;
>
> ALSO a non-exclusive easement for power and road purposes over the South 30 feet of the West half of the West half of the South half of the Northeast quarter of the

*AMENDED COMPLAINT*

Page 3 of 9

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA  98402
Phone (253)272-4777
Fax (253)461-8888

Case 22-04020-MJH    Doc 32    Filed 07/14/23    Ent. 07/14/23 23:10:28    Pg. 3 of 9

Southeast quarter of Section 35, Township 19 North, Range 3 East of the Wilamette Meridian.

Situate in the County of Pierce, State of Washington.

Tax Parcel No. 0319354105

2.10 The Subject Property, as described above, is encumbered by one lien which is the US BANK Deed of Trust lien, also described above.

2.11 The US BANK Deed of Trust lien only encumbers one-half of the Plaintiffs Subject Property as opposed to the entire parcel because the Deed of Trust Lien property description is the property description of Tax Parcel A.

2.12 Sometime prior to the execution of the of the US BANK Deed of Trust, parcel number 0319354066 was split into the two tax parcels, parcel numbers 0319354105 and 0319354106, but the Tax Parcels were never legally subdivided by the county.

2.13 Tax Parcel A has the legal description described in the US BANK Deed of Trust and the Debtors home is located on Tax Parcel A.

2.14 The Defendants only have a lien interest in the Subject Property as to the portion of the Subject Property described by Tax Parcel A.

2.15 The US BANK Deed of Trust, as written, does not contain the legal description for Tax Parcel B.

2.16 The original drafter of the US BANK Deed of Trust was Taylor, Bean & Whitaker Mortgage Corp.

2.17 The Plaintiff agreed to encumber only Tax Parcel A portion the Subject Property.

*AMENDED COMPLAINT*

Page 4 of 9

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)461-8888

Case 22-04020-MJH    Doc 32    Filed 07/14/23    Ent. 07/14/23 23:10:28    Pg. 4 of 9

2.18 The Plaintiff filed a Chapter 7 bankruptcy on August 4, 2011 and obtained a discharge on November 15, 2011 discharging the promissory note subject to the US BANK Deed of Trust.

2.19 The Plaintiff filed this Chapter 13 on February 17, 2023.

2.20 The Defendant US BANK, through its servicer FAY, filed a proof of claim on or about April 27, 2022. See Claims Register, Claim No. 1 ("Defendants Claim"). In its filed claim, Defendants claim that the amounts owed are for "Money Loaned".

2.21 The Defendants Claim is unclear as to whether the Defendants Claim is based upon Personal liability of the Debtor (In Personam) versus only being against the Subject Property (In Rem).

2.24 The Debtor asserts that the Defendants Claim is an In Rem Claim.

2.22 The Defendants Claim asserts that the cure for default on the loan is $284,308.16.

2.23 The Defendants Claim asserts that a total amount of $477,477.07 is the amount of the secured claim against the Subject Property.

2.24 According to Defendant's Claim, as of January 1, 2016, six years prior to the filing of the Bankruptcy herein, the amount of arrearage due and owing by the Debtor was $119,990.62.

2.26. The Debtor believes the Statute of Limitation has run on all payments which accrued more than six years prior to the filing of his bankruptcy, at least $119,990.62, now is no longer collectable and that portion of the Defendants Claim should be disallowed.

## III. DECLARATORY JUDGMENT TO DETERMINE OF THE VALIDITY AND EXTENT OF THE DEFENDANT'S LIEN

3.1 The Debtor incorporates by reference the allegations set forth above as if fully set forth herein.

*AMENDED COMPLAINT*

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)461-8888

3.2     The Claim arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, bankruptcy rules 7001(2) and 7001(9) and 11 U.S.C. §506(a).

3.3     An actual legal and substantial controversy exists between the parties as to the validity and extent of the Defendant's US BANK Deed of Trust Lien.

3.4     As set forth above, the Debtor is the owner of the Subject Property and the Defendants have a US BANK Deed of Trust Lien encumbering one-half of Subject Property under Tax Parcel A. Tax Parcel No. A is legally described as:

> Section 35 Township 19 Range 03 Quarter 41 SEG FOR TAX PURPOSES ONLY **CANNOT    BE SOLD OR SUBD WITHOUT 4-106 S 1/2** OF FOLL DESC PROP E 1/2 OF E 1/2 OF W 1/2 OF S 1/2 OF NE OF SE EASE OF REC SEG 2016- 0365 JP 05/05/16 JP

3.5     As set for above the Debtor owns the other half of the Subject Property under Tax Parcel B and Tax Parcel B is unencumbered by the Defendants US BANK Deed of Trust Lien.

3.6     Based upon the Defendants Proof of Claim, the extent of the lien is unclear as to whether the lien asserted by the Defendants is "In Rem" only and is not "In Personam".

3.7     Accordingly, Debtor respectfully requests a declaratory judgment or order of this Court declaring:

(1) that the Defendants only hold a valid perfected and enforceable lien against that portion of the Subject Property to the extent of the description provided in the US BANK Deed of Trust which is legally described in Tax Parcel A and that the remainder of the Subject Property is not subject to the Defendants Security Interest;

(2) that upon completion of any foreclosure of the US BANK Deed of Trust that the Defendants will hold a partial divided interest in the Subject Property as legally described in Tax Parcel A;

*AMENDED COMPLAINT*

Page 6 of 9

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA  98402
Phone (253)272-4777
Fax (253)461-8888

Case 22-04020-MJH    Doc 32    Filed 07/14/23    Ent. 07/14/23 23:10:28    Pg. 6 of 9

(3) that the foreclosing Trustee, QLS, or any other person or entity designated as the foreclosing Trustee be directed by the Defendants during the foreclosure proceedings, to Execute a Trustees Deed containing the Tax Parcel A description and language describing the Defendants interest in the Subject Property as a partial divided interest;

(4) that upon completion of any foreclosure of the US BANK Deed of Trust held by the Defendants that the Debtor will hold a partial divided interest in the Subject Property as legally described in Tax Parcel B;

(5) that upon completion of any foreclosure of the US BANK Deed of Trust by the Defendants that the Debtors interest in the Subject Property as legally described in Tax Parcel B shall be deemed unencumbered by the Defendants; and

(6) that any foreclosure or claims action brought by the Defendants against the Debtor to enforce US BANK Deed of Trust shall be deemed an "In Rem" proceeding only.

## IV. OBJECTION TO DEFENDANTS PROOF OF CLAIM

4.1    The Debtor incorporates by reference the allegations set forth above as if fully set forth herein.

4.2    The Defendants filed Proof of Claim No. 1 ("Defendant's Claim")

4.3    The Claim arises under bankruptcy rule 3007, 7001, 3012 and 11 U.S.C. §506(a).

4.4    An actual legal and substantial controversy exists between the parties as to the amount of the Defendant's Claim No. 1.

4.5    The Defendant's Claim provides for payments due and owing from February 2009 until February of 2022.

4.6    The Debtor asserts that the Statute of Limitations has run on any payments that have come due and owing that are older than six years prior to the filing of the bankruptcy herein.  See

*AMENDED COMPLAINT*

Page 7 of 9

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA  98402
Phone (253)272-4777
Fax (253)461-8888

Case 22-04020-MJH    Doc 32    Filed 07/14/23    Ent. 07/14/23 23:10:28    Pg. 7 of 9

*Copper Creek (Marysville) Homeowners Ass'n v. Kurtz*, 21 Wn App. 2d 605, 508 P.3d 179, 186 (2022) *Review Granted* 200 Wash. 2d 1001, 516 P.3d 377. ("The statute of limitations on each of the missed installments began running from the date they came due. Bankruptcy did not toll the statute of limitations").

    4.7    The Defendant's filed claim contains amounts that are older than six years prior to the filing of the Debtors Bankruptcy.

    4.8    The Debtor estimates the amount of the claim that should be disallowed is at least $119,990.62 or such other amount to be determined by the Court.

    4.9    Pursuant to bankruptcy rule 3012 and 11 U.S.C. §506(a), that portion of Defendant's Claim that are for payments and principal that are older than six years prior to the bankruptcy filing should be disallowed.

## V. PRAYER FOR RELIEF

    5.1    The Plaintiff requests a declaratory judgment or order be entered in favor of the Debtor and against the Defendants as follows:

(1) that the Defendant only holds a valid perfected and enforceable lien against that portion of the Subject Property to the extent of the description provided in the US BANK Deed of Trust which is legally described in Tax Parcel A and that the remainder of the Subject Property is not subject to the Defendants Security Interest;

(2) that upon foreclosure of the US BANK Deed of Trust that the Defendants will hold a partial divided interest in the Subject Property as legally described in Tax Parcel A;

(3) that the foreclosing Trustee, QLS, or any other person or entity designated as the foreclosing Trustee be directed by the Defendants to Execute a Trustees Deed upon foreclosure containing the Tax Parcel A description only and that the Defendants interest in the Subject Property is a partial divided interest;

*AMENDED COMPLAINT*

Page 8 of 9

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)461-8888

Case 22-04020-MJH    Doc 32    Filed 07/14/23    Ent. 07/14/23 23:10:28    Pg. 8 of 9

(4) that upon foreclosure of the US BANK Deed of Trust by the Defendants that the Debtor will hold a partial divided interest in the Subject Property as legally described in Tax Parcel B;

(5) that upon foreclosure of the US BANK Deed of Trust by the Defendants that the Debtors interest in the Subject Property as legally described in Tax Parcel B shall be an unencumbered by the Defendants; and

(6) that any foreclosure or claims action brought by the Defendants against the Debtor to enforce US BANK Deed of Trust shall be an "In Rem" proceeding only.

5.2     The Plaintiff requests that the portion of Proof of Claim No. 1 for payments and principal that are older than six years prior to the bankruptcy filing be disallowed in the amount of $119,990.62 or such other amount to be determined by the Court.

5.3     The Plaintiff requests a declaratory judgment or order entered in favor of the Debtor declaring that any claim by the Defendants herein shall only be against the Subject Property ("In Rem") and not against the Debtor "In Personam".

5.2     Judgment against Defendants for costs and attorney fees pursuant to contract and statute.

5.3     For such further relief as the Court deems just and equitable in the premise.

DATED this 14th day of July 2023

By: /s/ David C. Smith
David C. Smith, WSBA #29824
Attorney for Debtor

*AMENDED COMPLAINT*

Page 9 of 9

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA  98402
Phone (253)272-4777
Fax (253)461-8888

Case 22-04020-MJH    Doc 32    Filed 07/14/23    Ent. 07/14/23 23:10:28    Pg. 9 of 9