THE HONORABLE MARY JO HESTON
Chapter 13
Hearing Location: Tacoma
Hearing Date: January 11, 2024
Hearing Time: 1:00 p.m.
Response Date: January 4, 2024

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>WILLIAM JOSEPH YOUNG,<br><br>Debtor. | Chapter 13<br><br>Case No. 22-40187-MJH<br><br>Adversary No.: 22-04020 |
| WILLIAM JOSEPH YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON; AND FAY SERVICING, LLC,<br><br>Defendants. | **DEFENDANTS U.S. BANK TRUST, N.A., FOR LSF9 MASTER PARTICIPATION TRUST AND FAY SERVICING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COMPLAINT–1

164538499.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Case 22-04020-MJH   Doc 53   Filed 12/13/23   Ent. 12/13/23 10:41:52   Pg. 1 of 9

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendants Fay Servicing, LLC ("Fay") and U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust's ("U.S. Bank") (collectively, "Defendants") motion pursuant to Fed. R. Civ. P. 12(b)(6) for an Order dismissing all claims alleged in the Amended Complaint against Defendants by Plaintiff William Joseph Young ("Young") is set for hearing as follows:

**JUDGE**: THE HONORABLE MARY JO HESTON     **TIME**: 1:00 p.m.

**PLACE**: TACOMA FEDERAL     **DATE**: January 11, 2024
COURTHOUSE UNION STATION
1717 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402

IF YOU OPPOSE the Motion, you must file your written response with the Clerk's office of the bankruptcy court and deliver copies to the undersigned and NOT LATER THAN THE RESPONSE DATE, which is January 4, 2024. If you file a response, you are also required to appear at the hearing. IF NO RESPONSE IS TIMELY FILED AND SERVED, THE COURT MAY, IN ITS DISCRETION, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, AND STRIKE THE HEARING.

This Motion is based on this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COMPLAINT–2

164538499.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Case 22-04020-MJH    Doc 53    Filed 12/13/23    Ent. 12/13/23 10:41:52    Pg. 2 of 9

DATED: December 13, 2023.

**PERKINS COIE LLP**

By: */s/ Kristine Kruger*
    Kristine E. Kruger, Bar No. 44612
    KKruger@perkinscoie.com
    1201 Third Street, Suite 4900
    Seattle, Washington 98101
    Telephone: 206.359.8000

Attorney for Defendants Fay Servicing, LLC and U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust

NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT–3

164538499.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Case 22-04020-MJH    Doc 53    Filed 12/13/23    Ent. 12/13/23 10:41:52    Pg. 3 of 9

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(b)(1), defendants Fay Servicing, LLC ("Fay") and U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank") (collectively, "Defendants") move to dismiss the Amended Complaint filed by Plaintiff William Joseph Young ("Plaintiff") on the ground that the court lacks subject matter jurisdiction respecting Plaintiff's claim.

## I. INTRODUCTION

For over a decade, Plaintiff has sought to use bankruptcy proceedings to avoid Defendants' enforcement of a defaulted lien pertaining to the property located at 3509 188th East, Tacoma, Washington, (the "Property"). Plaintiff initially declared Chapter 7 bankruptcy in 2011 (stating his intention to surrender the property), and recently had his amended Chapter 13 plan ("Chapter 13 Plan") confirmed by this Court. Now that final adjudication in the bankruptcy action has been finalized with both parties filing the requisite 7012(b) notice, this adversary proceeding has run its course, divesting this court of its subject matter jurisdiction over Plaintiff's newly asserted "statute of limitations" allegations set forth in his Amended Complaint.

For the reasons discussed in further detail below, Defendants respectfully request that the Court grant their motion in its entirety and dismiss Plaintiff's Amended Complaint.

## II. FACTUAL BACKGROUND

**A. Plaintiff's Loan and Default**

On August 7, 2006, Plaintiff's late wife, Karolyn Young, borrowed $269,500.00 from Taylor Bean & Whitaker (the "Loan"). Request for Judicial Notice ("RJN"), Ex. 1. As security for the Loan, Mrs. Young signed a deed of trust that same day which was subsequently recorded on August 11, 2006 (the "Deed of Trust"). RJN, Ex. 2. Plaintiff also signed the Deed

MEMORANDUM OF POINTS AND
AUTHORITIES –1

164538499.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Case 22-04020-MJH    Doc 53    Filed 12/13/23    Ent. 12/13/23 10:41:52    Pg. 4 of 9

of Trust as a non-borrower. *Id.*

On September 23, 2010, Northwest Trustee Services, Inc. ("NTS") recorded a notice of trustee's sale for a default under the Deed of Trust in the amount of $38,117.58. RJN, Ex. 3. On June 23, 2011, NTS recorded an amended notice of trustee's sale indicating a default in the amount of $56,691.99. RJN, Ex. 4.

### B. Plaintiff's Prior Bankruptcies[1] and Superior Court Lawsuits

#### 1. 2011 Chapter 7 Bankruptcy

Shortly after NTS trustee's sale notice was recorded, on August 4, 2011, Plaintiff filed for Chapter 7 bankruptcy in the Western District of Washington (case no. 11-46268-PBS) ("*Young Bankruptcy I*"). RJN, Ex. 5. On his statement of intention, Plaintiff listed the Loan as a secured debt and declared his election to surrender the Property. RJN, Ex. 6 at p. 39. On November 15, 2011, in reliance on Plaintiff's statements in the petition and schedules, the bankruptcy court entered a discharge order. RJN, Ex. 7.

#### 2. 2022 Chapter 13 Bankruptcy and this Adversary Proceeding

On February 17, 2022, Plaintiff filed the underlying Chapter 13 bankruptcy ("*Young Bankruptcy II*"). Plaintiff's bankruptcy schedule (Schedule D) shows that the mortgage debt remains outstanding. RJN, Ex. 19 at pp. 12-13.

Plaintiff filed his First Amended Chapter 13 Plan ("Chapter 13 Plan") on May 10, 2022 and moved to confirm the Chapter 13 Plan on May 13, 2022. The Chapter 13 Plan was confirmed by this Court on August 27, 2022. Both parties filed the required 7012(b) Notice Regarding Final Adjudication and Consent in the adversary proceeding.

---

[1] In addition to the bankruptcies discussed in the factual background section, Plaintiff also filed two Chapter 13 bankruptcies on March 13, 2016 (case no. 16-41135-BDL) and August 29, 2019 (case no. 19-42786-MJH) in the Western District of Washington that are not discussed. Neither bankruptcy is consequential for purposes of this motion, so they are omitted for purposes of brevity.

MEMORANDUM OF POINTS AND
AUTHORITIES –2

164538499.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Case 22-04020-MJH    Doc 53    Filed 12/13/23    Ent. 12/13/23 10:41:52    Pg. 5 of 9

Under Section X (Nonstandard Provisions) of the Chapter 13 Plan, Plaintiff noted:

1. Debtor intends to file an adversary proceeding regarding the determination of the validity and extent of the first DOT lien under 28 U.S.C. § 157(b)(2)(K). The First Deed of Trust encumbers only 1/2 of the debtors property. Specifically, tax parcel no 0319354105 describes only 1/2 of debtors parcel no. 0319354066. The Debtor believes the Deed of Trust is Void or Voidable because the terms of the Deed of Trust, which include the power of sale, cannot be affected without subdividing parcel no. 0319354066 in violation of RCW 58.17.

2. Should the Debtor not prevail in the adversary proceeding then the Debtor will sell the property. The Debtor will file the adversary within 30 days after the plan confirmation.

On August 30, 2022, Plaintiff filed an adversary complaint "for judgment voiding lien and quieting title" against U.S. Bank as the current beneficiary of the Deed of Trust and Fay as the current servicer of the Loan relying on RCW 58.17. Doc. 1 at ¶¶ 2.2-2.3. Defendants moved to dismiss and after full briefing, the parties appeared before the Court for June 22, 2023. Without issuing an order, the Court informed Plaintiff that his initial cause of action under RCW 58.17 was meritless. On July 14, 2023, Plaintiff filed an Amended Complaint for declaratory judgment, abandoning the RC 58.17 argument but seeking for the first time to invalidate Defendants' lien on the purported grounds that the statute of limitations barred enforcement. This court lacks subject matter jurisdiction to decide Plaintiff's claim.

### III. ARGUMENT

**A. Legal Standard**

Under Article III of the U.S. Constitution, this Court's jurisdiction is restricted to matters presenting actual "cases" or "controversies." U.S. Const., art. III, § 2; *Allen v. Wright*,

MEMORANDUM OF POINTS AND AUTHORITIES –3

164538499.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Case 22-04020-MJH    Doc 53    Filed 12/13/23    Ent. 12/13/23 10:41:52    Pg. 6 of 9

468 U.S. 737, 750 (1984). Among the case or controversy doctrines, "perhaps the most important" is the requirement that a litigant "have 'standing' to invoke the power of a federal court." *Allen*, 468 U.S. at 750. The party invoking federal jurisdiction bears the burden of establishing that it has standing to bring claims. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Where a plaintiff fails to show the court has subject-matter jurisdiction over the case, dismissal is required under Rule 12(b)(1) because, under such circumstances, "the court lacks the statutory or constitutional power to adjudicate [it]." *Stafne v. Zilly*, 337 F. Supp. 3d 1079, 1085 (W.D. Wash. 2018) (citing *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015)); *Braunstein v. Ariz. Dep't. of Transp.*, 683 F.3d 1177, 1184 (9th Cir. 2012) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit.").

**B.  This Court Does Not Have Subject Matter Jurisdiction Over A Post-Confirmation Claim That Was Not Specifically And Unequivocally Reserved In The Confirmed Bankruptcy Plan**

Although Section 1334 of the Bankruptcy Code confers jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11" to the bankruptcy courts, whether a plan has been confirmed is critical to an analysis of "related to" jurisdiction, because confirmation divests a bankruptcy court of all subject matter jurisdiction except that which is necessary to enforce the provisions of the plan. "[T]he Ninth Circuit has adopted the Third Circuit's 'close nexus' test for post-confirmation jurisdiction. Under the 'close nexus' test, 'the essential inquiry appears to be whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter.' 'Matters affecting the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'" *In re Learned Family*, 555 B.R. 747, 751 (W.D. Wash. 2016) (citing

MEMORANDUM OF POINTS AND
AUTHORITIES –4

164538499.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Case 22-04020-MJH    Doc 53    Filed 12/13/23    Ent. 12/13/23 10:41:52    Pg. 7 of 9

*In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194-94 (9th Cir. 2005)); *see also In re Consolidated Meridian Funds*, 511 B.R. 140 (Bankr. W.D. Wash. 2014) ("Once a bankruptcy plan has been confirmed, the Ninth Circuit has curtailed the reach of 'related to' jurisdiction to ensure that bankruptcy jurisdiction does not continue indefinitely.") (quotations and citations omitted). Plaintiff's challenge to the validity of Defendants' lien based on the statute of limitations does not bear a close nexus to the Chapter 13 Plan justifying post-confirmation subject matter jurisdiction.

C.  **Plaintiff's Purported Amended Complaint Does Not Satisfy The 'Close Nexus' Test for Post-Chapter 13 Confirmation Jurisdiction.**

Plaintiff initially attempted to carve out a "nonstandard provision" to his Chapter 13 Plan by notifying the Court of his intention to file an adversary proceeding to contest the validity of the Deed of Trust (purportedly under RCW 58.17) and that such proceeding would be filed "within 30 days after the plan confirmation." The Court signaled its intention to reject this claim, stating in the June 22, 2023 hearing that Plaintiff's claims under RCW 58.17 are meritless and would be dismissed.

Plaintiff's Amended Complaint abandons the RCW 58.17 claim but is predicated on the purported bar of Washington's six-year statute of limitations. Plaintiff's Amended Complaint also should be dismissed. Plaintiff's failure to re-submit the purported statute of limitation claim "within 30 days after the plan confirmation" alone is fatal to his standing. Equally fatal to this Court's jurisdiction, the Amended Complaint does not state claims that relate to the "interpretation, implementation, consummation, execution, or administration" of Plaintiff's confirmed Chapter 13 Plan and accordingly lacks the close nexus necessary to sustain post-confirmation jurisdiction. "Plaintiff[ ] cannot write [its] own jurisdictional ticket by simply declaring in the Plan that the bankruptcy court has jurisdiction. *In re*

MEMORANDUM OF POINTS AND
AUTHORITIES –5

164538499.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Case 22-04020-MJH    Doc 53    Filed 12/13/23    Ent. 12/13/23 10:41:52    Pg. 8 of 9

*Consolidated Meridian Funds*, 511 B.R. at 145.

## IV. CONCLUSION

For these reasons, Defendants respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety.

DATED: December 13, 2023.

**PERKINS COIE LLP**

By: */s/ Kristine Kruger*
Kristine E. Kruger, Bar No. 44612
KKruger@perkinscoie.com
1201 Third Street, Suite 4900
Seattle, Washington 98101
Telephone: 206.359.8000

Attorney for Defendants Fay Servicing, LLC and U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust

MEMORANDUM OF POINTS AND AUTHORITIES –6

164538499.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Case 22-04020-MJH    Doc 53    Filed 12/13/23    Ent. 12/13/23 10:41:52    Pg. 9 of 9